UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CURTIS L. WALKER,

          Plaintiff,

                       Case # 16-CV-250-FPG

v.

                       DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.

   Curtis L. Walker ("Walker" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

   Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 15. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

   On March 11, 2013 Walker protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 168-82. He alleged that he had been disabled since January 1, 2013 due to back and left wrist problems and high blood pressure. Tr. 192. On March 5, 2015, a hearing was held before Administrative Law Judge Eric L. Glazer ("the ALJ") at which Walker appeared and testified. Tr. 23-38. On April 6, 2015, the ALJ issued a decision finding that

---

[1]  Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]  References to "Tr." are to the administrative record in this matter.

Walker was not disabled within the meaning of the Act. Tr. 12-19. On January 29, 2016, the Appeals Council denied Walker's request for review. Tr. 1-6. Thereafter, Walker commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Walker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or

combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Walker's claim for benefits under the process described above. At step one, the ALJ found that Walker had not engaged in substantial gainful activity since the application date. Tr. 14. At step two, the ALJ found that Walker has degenerative disc disease, which constitutes a severe impairment. *Id.* At step three, the ALJ found that this impairment did not meet or medically equal an impairment in the Listings. Tr. 14-15.

Next, the ALJ determined that Walker retained the RFC to perform the full range of light work.[3] Tr. 15-17. At step four, the ALJ indicated that Walker had no past relevant work. Tr. 17. At step five, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App'x 2 ("the Grids") and found that Walker can adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 18. Accordingly, the ALJ concluded that Walker was not "disabled" under the Act. Tr. 18-19.

### II. Analysis

Walker argues that remand is required because: (1) the RFC assessment is not supported by substantial evidence; and (2) the ALJ erred at step five when he failed to obtain the testimony of a vocational expert ("VE"). ECF No. 13-1, at 13-20. These arguments are addressed below.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

A.  **RFC Determination**

Walker argues that the RFC determination is not supported by substantial evidence because it fails to incorporate his nonexertional limitations like "pain, numbness in the legs, weakness in the legs, limited range of motion, or the need for a cane."[4]  *Id.* at 13.  Specifically, Walker asserts that the ALJ erred by failing to make a function-by-function assessment and by relying on his lay opinion.  *Id.* at 13-18.

RFC is defined as "what an individual can still do despite his or her limitations."  *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis."  *Id.* (citation omitted); 20 C.F.R. § 416.945(a).  "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations."  *Desmond*, 2012 WL 6648625, at *5.

1.  **Function-by-Function Assessment**

Walker asserts that the RFC determination is not supported by substantial evidence because the ALJ failed to make a function-by-function assessment of his ability to perform the physical requirements of light work.  *Id.*  "The Act's regulations require that the ALJ include in

---

[4] Although Walker does not specifically argue that remand is required because the ALJ failed to consider whether he needed to use a cane, it is clear from the ALJ's decision that he explicitly considered this. Tr. 15-17. The ALJ noted that Walker testified that "his primary care physician prescribed a cane for him" and "he uses that cane to ambulate." Tr. 15. The ALJ also noted that at a November 2014 appointment with his treating physician, "for the first time [Walker] was described as walking with a cane." Tr. 17. The ALJ concluded that "[a]lthough [Walker] testified that his primary care physician had prescribed a cane for him, [his] medical records do not refer to his using the assistive device until his November 2014 appointment . . . and I have been unable to find records confirming the reported prescription." *Id.* In evaluating whether it is medically necessary for the claimant to use a cane, the ALJ "must always consider the particular facts of a case." SSR 96-9P, 1996 WL 374185, at *7 (S.S.A. July 2, 1996); *Wright v. Colvin*, No. 6:13-cv-06585 (MAT), 2015 WL 4600287, at *5 (W.D.N.Y. July 29, 2015) (the ALJ must "properly consider the medical necessity of Plaintiff using a cane"). The Court finds that the ALJ's discussion of whether Walker needed a cane was adequate and that his conclusion was supported by substantial evidence.

his RFC assessment a function-by-function analysis of the claimant's functional limitations or restrictions and an assessment of the claimant's work-related abilities on a function-by-function basis." *Palascak v. Colvin*, No. 1:11-CV-0592 (MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14, 2014) (quotation marks and citation omitted). This means that the ALJ "must make a function-by-function assessment of the claimant's ability to sit, stand, walk, lift, carry, push, pull, reach, handle, stoop, or crouch." *Id.* (citation omitted); 20 C.F.R. § 416.969a(a); S.S.R. 96-8p, 1996 WL 374184, at *5-6 (S.S.A. July 2, 1996). Remand is not required, however, simply because the ALJ failed to conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when his or her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

Here, the ALJ's RFC assessment is supported by the medical opinion of consultative examiner Abrar Siddiqui, M.D. ("Dr. Siddiqui").[5] Tr. 271-74. Dr. Siddiqui opined that Walker was mildly limited in his ability to sit, stand, climb, push, pull, and carry heavy objects. Tr. 274. The ALJ summarized Dr. Siddiqui's examination findings and opinion and afforded it "great weight" because it was consistent with his own examination, which contained largely normal findings, and with the clinical findings of Walker's treating neurologist Andrew C. Hillburger,

---

[5] Walker attempts to discount Dr. Siddiqui's opinion by noting that it was a "one time" exam that occurred "nearly two years prior to the ALJ's decision." ECF No. 13-1, at 16. This assertion is unconvincing, however, because Dr. Siddiqui's opinion is from the relevant period and Walker does not allege any new impairments, worsening of symptoms, or other circumstances that would have rendered Dr. Siddiqui's opinion stale and unreliable. *See, e.g.*, *Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (finding that the ALJ should not have afforded great weight to medical opinions rendered before the plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (finding that the ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

M.D. ("Dr. Hillburger"). Tr. 16. Both of these were valid reasons to afford great weight to Dr. Siddiqui's opinion. *See* 20 C.F.R. §§ 416.927(c)(3) (the SSA will give more weight to an opinion supported by relevant evidence), 416.927(c)(4) (the SSA will give more weight to an opinion that is consistent with the record as a whole). Moreover, "[i]t is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence." *Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016) (citations omitted).

The ALJ also based his RFC determination on Dr. Hillburger's treatment notes. Tr. 15-17. Although Dr. Hillburger did not provide a formal medical source statement, he noted that Walker's "neurological testing failed to provide objective evidence of radiculopathy" and that Walker "was sufficiently well maintained and stable on his medication regimen to warrant quarterly, as opposed to monthly, visits." Tr. 17; *see, e.g.*, Tr. 262, 268, 278, 285-86, 288, 290, 295, 297-98, 299-300, 303 (Dr. Hillburger's notes indicating "normal" test results and that Walker was "stable," "doing better," and doing well on medication). The ALJ stated that "[t]o the extent these statements and decisions constitute or reflect opinions," he accorded them "great weight" because Dr. Hillburger was a qualified specialist and had a long treatment history with Walker. *Id.*; *see* 20 C.F.R §§ 416.927(c)(5) (the SSA will give more weight to a specialist's medical opinion), 416.927(c)(2)(i) (the SSA will give more weight to a longtime treating source's opinion). The ALJ also pointed out that the record lacked any statement from Dr. Hillburger that indicated that Walker was limited beyond the capacity to perform light work. Tr. 17.

Moreover, the RFC determination is supported by Walker's treatment history and daily activities. Tr. 17. The ALJ noted that Walker has not been recommended for surgery, has not

7

received steroid injections or physical therapy, and has been "largely stable" on his medication regimen, which allows him to function and perform daily activities. *Id.*; *see* 20 C.F.R. § 416.929(c)(3)(v) (the ALJ is entitled to consider treatment the claimant has received when he or she evaluates the claimant's symptoms). The ALJ also noted that Walker can dress himself, maintain his personal hygiene, lives alone, cooks two to three times a week, shops once a month, and bathes without assistance. *Id.* (citing Tr. 272); *see* 20 C.F.R. § 416.929(c)(3)(i) (the ALJ is entitled to consider the claimant's daily activities when he or she evaluates the claimant's symptoms).

Accordingly, for the reasons stated, the Court finds that a function-by-function assessment was unnecessary because the ALJ's RFC analysis affords an adequate basis for review, applies the proper legal standards, and is supported by substantial evidence.

### 2. Lay Opinion

Walker also asserts that the RFC assessment is not supported by substantial evidence because the ALJ relied on his lay opinion to interpret complex medical findings instead of relying on a medical source's opinion. ECF No. 13-1, at 16-17. As explained above, however, the ALJ relied on Dr. Siddiqui's medical opinion and Dr. Hillburger's treatment notes and observations to create the RFC assessment. Moreover, the ALJ's description of Walker's MRI results and electromyography and nerve conduction studies ("EMG/NCS") appears to be based on Dr. Hillburger's conclusions instead of the ALJ's own opinion. The ALJ noted, for instance, that Walker's lumbar spine MRIs "yielded little insight" into Walker's pain because the findings were "mild" and "minimal" and that repeated EMG/NCS of his legs were "normal." Tr. 16 (citing Tr. 249-50, 263-64, 265-66, 284, 314-15, 318). The ALJ then explained that these findings caused Dr. Hillburger to "repeatedly state that he can discern no reason for apparent

exacerbations of [Walker]'s pain and functional difficulties." Tr. 16 (citing Tr. 261, 278, 308). The records that the ALJ cites contain comments from Dr. Hillburger that Walker's EMG/NCS were "normal" (Tr. 262, 268, 278, 308) and that a cervical spine MRI was "unremarkable" (Tr. 261). Accordingly, because the ALJ relied on Dr. Siddiqui's medical opinion and Dr. Hillburger's treatment notes and assessments, the Court finds that the ALJ did not err and that the RFC determination is supported by substantial evidence.

### B. Step Five

Walker also argues that, because the ALJ should have found that he had additional nonexertional limitations, as discussed above, he erred by not obtaining VE testimony at step five to determine the effect that those additional nonexertional limitations would have on his ability to work. ECF No. 13-1, at 18-20.

At step five, the ALJ must consider the claimant's RFC, age, education, and work experience to determine whether he or she can adjust to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 416.960(c). At this step, it is the Commissioner's burden to prove that the claimant can transition to other work. *Baron v. Astrue*, No. 08-CV-3303 (CBA), 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.* (citation omitted).

One way an ALJ can make his or her step five determination is by relying on the Grids, which are a set of rules that indicate either "disabled" or "not disabled" based on a claimant's age, education, and work history for each exertional level.[6] *See* 20 C.F.R. Part 404, Subpart P, App'x 2. If the Grids adequately reflect the claimant's condition, then the ALJ may rely on them

---

[6] Jobs are separated into five categories based on their physical exertion requirements: sedentary, light, medium, heavy, or very heavy. 20 C.F.R. § 416.967.

at step five to determine whether he or she is disabled. *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).

As discussed above, the Court finds that the RFC determination is supported by substantial evidence and that Walker does not have additional nonexertional limitations. In his decision, the ALJ noted at step five that based on Walker's RFC for the full range of light work, age, education, and work experience, a finding of "not disabled" was directed by the Grids Rule 202.20. Tr. 18. Because the Grids adequately reflected Walker's condition, the Court finds that the ALJ did not err when he relied on them to make his step five determination.

## CONCLUSION

For the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 24, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court